# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ELEBY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:08CV824 MLM |
| ) | |
| CARL ANDERSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court for review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a). The Court has reviewed the complaint, and the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b).

## 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to "review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Under 28 U.S.C. § 1915A(b), the Court is required to dismiss plaintiff's complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be

granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915A, the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff was recently released from the Federal Bureau of Prisons to take part in an inmate re-entry program. He is currently a resident of Dismas House, a halfway house in St. Louis, Missouri. Plaintiff seeks monetary relief in this action against the Federal Bureau of Prisons, Dismas House, Sanita Scott (case manager), Tara Barrent (employment specialist), Anthony Arrington (unidentified), and Carl Anderson (community corrections manager).

Plaintiff has not made any specific allegations against the named defendants, but rather is complaining generally about a purported policy of the Federal Bureau of Prisons (and upheld by the named defendants) which states that inmates in re-entry programs cannot be self-employed.

The Court notes that plaintiff has failed to state the grounds for filing the instant action in Federal Court. Liberally construing the complaint as a <u>Bivens</u>-type[1] action, the Court concludes that plaintiff's allegations are legally frivolous. Plaintiff has not identified a constitutional violation, which is a prerequisite for maintaining a <u>Bivens</u>-type action. <u>See</u>, <u>e.g.</u>, <u>Hartman v. Moore</u>, 547 U.S. 250 (2006) (noting that victims of a constitutional violation by a federal agent have a right to recover damages against the official in federal court despite the absence of any statute conferring such a right).

As such, his case will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>2nd</u> Day of July, 2008.

                                          /s/ Jean C. Hamilton
                                          JEAN C. HAMILTON
                                          UNITED STATES DISTRICT JUDGE

---

[1] Suits for monetary damages against federal officials for the violation of constitutional rights are authorized under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).